## BERRY *v.* UNITED STATES.

*(District Court, E. D. Virginia.* October 28, 1887

ELECTIONS AND VOTERS — SUPERVISOR—ATTENDANCE ON REGISTRATION — COMPENSATION.

Under Rev. St. U. S. §§ 2016, 2017, 2026, 2031, requiring the attendance of supervisors of election at the registration of voters, and at elections, and providing that the chief supervisor shall furnish instructions to the supervisors, and that each supervisor shall be allowed five dollars for each day he is on duty, not exceeding ten days, a supervisor who, under instructions from the chief supervisor, attends for six days the registration, one day for final revision of registration, and one day at the election, is entitled to the prescribed compensation for each of the eight days.

Petition for Compensation for three days' service as supervisor of election.

*Lyon G. Tyler* and *McLain Pleasants,* for petitioner.

*J. C. Gibson,* U. S. Dist. Atty., for the United States.

HUGHES, J. The facts and the law in this case are equally clear, simple, and conclusive. The petitioner was a supervisor of elections, appointed by this court, and acting under the commission and seal of the court. Under the instructions of the chief supervisor and the requirements of law, he attended at the times and places fixed for the registration of voters by the state authorities. There were six days of registration, one for final revision of registration, and one election day. He attended and performed his duty on each and all of these days. These are the facts proved, and they are uncontested. The law is as follows: Title 26, § 2012, Rev. St. U. S., provides for the appointment of supervisors by the circuit judge. Section 2014 provides that the circuit judge may delegate all his powers, under this title, to the district judge. Section 2016, prescribing the duties of these officers, says: "The supervisors of election, so appointed, are authorized and required to attend at all times and places fixed for the registration of voters who, being registered, would be entitled to vote for a representative or delegate in congress, and to challenge any person offering to register; to attend at all times and places when the names of registered voters may be marked for challenge, and to cause such names registered, as they may deem proper, to be so marked; to make, when required, the lists, or either of them, provided for in section 2026, and verify the same," etc. Section 2017 provides for and requires the attendance of supervisors at all times and places for holding elections of representatives in congress, remaining there until all the votes are cast and counted and the returns made, to personally inspect and scrutinize the manner in which the voting is done, and the poll-books,

registry lists, and tallies are kept. Section 2026, prescribing the duties of chief supervisor, says he "shall prepare and furnish all necessary books, forms, blanks, and instructions for the use and direction of the super- visors of election. * * * He shall require of the supervisors of elec- tion, when necessary, lists of the persons who may register and vote, or either, in their respective election districts or voting precincts," etc. Sec- tion 5521 provides that supervisors who have taken the oath of office, and refuse or neglect to discharge its duties, shall be punished by im- prisonment for not less than 6 months nor more than 12, or a fine of not less than $200 nor more than $500, or by both, and to pay the costs of the prosecution. Section 2031, providing for their pay, says: "And there shall be allowed and paid to each supervisor of election and each special deputy-marshal who is appointed and performs his duty under the preceding provisions, compensation at the rate of five dollars per day for each day he is actually on duty, not exceeding ten days." These are in substance all the provisions of the law, so far as I am aware, pre- scribing the appointment, duties, and pay of supervisors. They are ap- pointed by the court, they receive all instructions as to their duty from the chief supervisor, and their pay is absolutely fixed by law. To deny the petitioner's prayer is simply to nullify section 2026, which prescribed his duty; or section 2031, prescribing his pay. It is admitted that the circular of the attorney general was not sent to the chief supervisor, who is not an officer of his department, but was sent to the marshal. The marshal has no right to give any instructions to the supervisors, and in fact never did give any. The chief supervisor did give such instructions, as it was his duty under the law to give; and the supervisors obeyed those instructions, as it was their duty to do under heavy pains and penalties for failure or neglect. The letter of the president referred to in the cir- cular of the attorney general does not appear in the papers, and the court cannot infer that it directed or justified a plain nullification of a statute of the United States. I will sign a decree allowing the petitioner the number of per diems claimed in his petition.